# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0242, <u>Appeal of Katherine Lajoie & a.</u>, the court on March 17, 2015, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioners, who live near the municipal waste combustion facility operated by Wheelabrator Claremont Company, L.P. (Wheelabrator), appeal a decision of the New Hampshire Air Resources Council (Council) upholding the decision of the New Hampshire Department of Environmental Services (DES) to renew Wheelabrator's title V operating permit. We affirm.

Our standard of review of the Council's decision is set forth in RSA 541:13 (2007). <u>See</u> RSA 21-O:14, III (2012). Under RSA 541:13, we will not set aside the Council's decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. The Council's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. RSA 541:13. In reviewing those factual findings, "our task is not to determine whether we would have found differently than did the [Council], or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record." <u>Appeal of Dean Foods</u>, 158 N.H. 467, 474 (2009) (quotation omitted). "The [Council's] findings of fact will not be disturbed if they are supported by competent evidence in the record, upon which the [Council's] decision reasonably could have been made." <u>Id</u>. (quotation omitted). We review the Council's statutory interpretation <u>de</u> <u>novo</u>. <u>See</u> <u>Appeal of Old Dutch Mustard Co.</u>, 166 N.H. 501, 506 (2014).

For its part, the Council may consider "[o]nly those grounds set forth" in the notice of the appeal of DES's decision. RSA 21-O:14, I-a (2012). The Council determines whether the decision by DES "was unlawful or unreasonable by reviewing the administrative record together with any evidence and testimony the parties to the appeal may present." <u>Id</u>.

The petitioners first argue that DES erred when it granted Wheelabrator a waiver of the "timely application" requirement set forth in New Hampshire Administrative Rules, Env-A 609.07(b), which provides: "For the renewal of a title V operating permit, an application shall be considered timely if it is filed with the department at least 6 months prior to the designated expiration date of the current title V operating permit." In this case, Wheelabrator had a 2004 permit that was set to expire on June 30, 2009. On June 23, 2008, DES informed Wheelabrator that, to renew its permit, it had to submit a renewal

application by December 31, 2008. Wheelabrator's renewal application was postmarked December 30, 2008, but was not received by DES until January 2, 2009. On March 31, 2009, DES determined that Wheelabrator's renewal application was complete, but that the application had not been submitted on time.

On June 2, 2009, Wheelabrator submitted its waiver request pursuant to New Hampshire Administrative Rules, Env-A 205. See N.H. Admin. Rules, Env-A 205.06 (allowing DES to grant waivers from strict compliance with administrative rules). On June 24, 2009, DES granted the waiver with the conditions that Wheelabrator could continue its operations consistent with its existing permit, as amended in 2006 and 2007, and that the waiver would be in effect "until such time as DES takes final action on Wheelabrator's title V renewal application by granting or denying [that] . . . application." See N.H. Admin. Rules, Env-A 609.08(a) ("If an applicant files a timely and complete application for the issuance or renewal of a title V operating permit, the failure to have a title V operating permit shall not be considered a violation of this part unless and until the department denies the requested permit . . . .").

Following a five-day evidentiary hearing, the Council determined that the petitioners failed to meet their burden of demonstrating that the decision by DES to grant the waiver was "illegal or arbitrary or capricious." The Council observed that the petitioners had not cited any authority for their argument that DES lacked the ability to grant the waiver at issue and "offered no evidence that granting what amounted to a two-day extension of time to file the renewal application was 'arbitrary and capricious' or, as they seem to suggest, would somehow have negatively affected their right to participate in the public comment and hearing process." The Council determined that "the eight-year lapse in time between the public's right to participate in the 2004 permitting process and the renewal proceedings would have occurred whether the renewal application was filed timely on December 31, 2008, or two days later, on January 2, 2009."

On appeal, as before the Council, the petitioners argue that DES lacked the authority to grant the waiver, but offer no support for this argument. To the extent that the petitioners contend that, by granting the waiver, DES violated Section 129(e) of the federal Clean Air Act of 1990, we disagree. See 42 U.S.C. § 7429(e) (2012).

Because the meaning of Section 129(e) is a question of federal law, we interpret it "in accordance with federal policy and precedent." Dube v. N.H. Dep't of Health & Human Servs., 166 N.H. 358, 364 (2014). When interpreting a statute, we begin with the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. When

the language of the statute is clear on its face, its meaning is not subject to modification.  Id.  We will neither consider what Congress might have said, nor add words that it did not see fit to include.  Id.

Section 129(e) provides, in pertinent part:

Notwithstanding any other provision of this chapter, each permit for a solid waste incineration unit combusting municipal waste issued under this chapter shall be issued for a period of up to 12 years and shall be reviewed every 5 years after date of issuance or reissuance.  Each permit shall continue in effect after the date of issuance until the date of termination, unless the Administrator or State determines that the unit is not in compliance with all standards and conditions contained in the permit.  Such determination shall be made at regular intervals during the term of the permit, such intervals not to exceed 5 years, and only after public comment and public hearing.

42 U.S.C. § 7429(e).  The pertinent regulation similarly provides that permits "for solid waste incineration units combusting municipal waste" may be issued "for a period not to exceed 12 years" and such permits must be reviewed "at least every 5 years."  40 C.F.R. § 70.4(b)(3).  DES complied with these provisions by:  (1) issuing a permit to Wheelabrator in 2004, which expired in 2009; (2) initiating the review process before the 2004 permit expired; and (3) renewing Wheelabrator's permit only "after public comment and public hearing."  42 U.S.C. § 7429(e).

Although the petitioners invoke the State Constitution, they have not demonstrated that they preserved that argument for our review by raising it in the Council proceedings.  Nor have they developed it sufficiently for our review, even if it were preserved.

The petitioners' remaining arguments are as follows:  (1) DES erred by issuing the title V permit to Wheelabrator because Wheelabrator failed to disclose that it was incinerating used filter bags; (2) DES erred when it did not disclose the filter bag issue to the public during the permitting process; and (3) the Council erred because its order denying the petitioners' motion for reconsideration lacks factual findings.  The petitioners have not demonstrated that they preserved these arguments for our review as the arguments either are not included in their notice of appeal to the Council or are substantially different from the arguments they made in the Council proceedings.  See RSA 21-O:14, I-a.  Moreover, to the extent that these arguments require us to review the Council's factual findings, we are unable to do so because the petitioners have not provided a complete record on appeal.  Although the Council conducted a five-day evidentiary hearing, the petitioners have had transcribed

3

only the parties' closing arguments.  Without a complete transcript, we must assume that the record supports the Council's factual findings.  <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**
